Complainant is the holder of forty-five "prepaid" or "income" shares, of $200 each, in the defendant building and loan association. These shares have a provision for the payment of interest each year, — some of them at five per cent., and some at six per cent. The corporation also has outstanding a large number of the ordinary "installment" shares.
Prior to February 28th, 1934, the defendant association paid to complainant and the other holders of prepaid or income shares the full amount of five or six per cent. on such shares, and also credited dividends to the accounts of the holders of the installment shares. On February 28th, 1934, the association declared, and made payment of, a dividend of only three per cent. to the holders of the prepaid or income shares, and made a corresponding credit to the accounts of the installment shares. It did the same thing on February 28th, 1935; and it purposed doing the same thing on February 28th, 1936. No additional dividends, beyond the three per cent. aforesaid, have ever been paid to the holders of the prepaid or income shares for the years ending February 28th, 1934, and February 28th, 1935.
Complainant filed its bill, on behalf of itself and all other holders of prepaid or income shares, seeking to restrain defendants from paying or crediting any dividends or profits to the holders of any installment shares, until the total amount of the accrued and unpaid interest or dividends on the prepaid or income shares, shall have been paid in full; and also seeking decree that the said unpaid accrued amounts for the years 1934 and 1935 be paid by the defendant association to the complainant and other holders of prepaid or income shares. Order, withinterim restraint, was issued against the defendant association and its directors to show cause why restraint pendente lite
should not be granted.
Concededly, the rights of the holders of prepaid or income shares are not those of creditors, but are essentially those of stockholders. The interest payable to them is not a fixed and absolute indebtedness, but is payable only out of the profits, if and when profits have been earned by the association *Page 279 
and an adequate amount for the payment of dividends is available, and so declared by the directors, over and above such reserves as they are required to, or deem it advisable to, set up and maintain, out of the profits earned.
Complainant contends that the status of complainant and the other holders of prepaid or income shares is essentially that of preferred stockholders, — since the contracts made with them by the association are for a fixed and limited amount of dividends out of profits, instead of the proportionate share of total profits which is credited to the accounts of the installment shareholders. This is disputed by defendants, the denial being based upon a statute passed in 1925. Complainant claims that the 1925 act is not, and cannot be, applicable to it because the defendant association was formed prior to the passage of that act. It appears that some of complainant's shares were issued prior to, and some subsequent to, the enactment of the 1925 statute. The determination of the issue thus raised must await final hearing.
Complainant's right being thus doubtful, it would be entitled to restraint only if, and to the extent that, such restraint be necessary to preserve the subject-matter of the litigation.
The directors of the association have declared available for dividends an amount sufficient to pay three per cent. to both the prepaid share holders and the installment share holders, — approximately $12,000 — and allocated the remainder of the profits earned to its reserve fund. If the complainant's contention is correct, it, and the other prepaid share holders, would be entitled to the payment of the amounts of accrued interest on their shares which have not yet been paid, prior to any payments to the installment shares. If the presently proposed dividend be paid to the installment share holders, there seems no way in which complainant can be assured of obtaining payment of its accumulated dividends, in the event that it is successful on final hearing. The money would have been paid to the installment share holders; there would be no way for the association to get it back, so as to pay the prepaid share holders the amount which they may *Page 280 
be determined to be entitled to; and the court would have no power to compel the board of directors to declare that in their judgment the amount set up for reserve should be decreased and an additional amount distributed in dividends.
The only way in which the alleged rights of the prepaid share holders can be preserved, is by restraining the payment to installment shareholders of any of the funds declared available for dividends except such amount, if any, as there may be over and above the amount necessary to pay the prepaid share holders. To have such restraint withheld until the final determination of the suit would not be adequate protection to the prepaid share holders. That final determination, if the case goes up to the appellate court, may not occur for a year or two; and in the meantime it is possible that another depression might ensue, or there be some other change in the economic conditions which would result in the failure of the association to earn sufficient profits to enable the directors to declare sufficient dividends, to take care of the prepaid share holders.
The defendants contend that the dividends to the installment share holders are not paid to them, but are merely credited on the books; that if so credited, they could be later deducted, if necessary; and that the failure of defendants to credit dividends to the installment share holders at the present time will damage the defendant association by impairing the confidence of the installment share holders and the general public in the association and its financial condition. This latter argument does not appeal to the court with any great force. It is doubted that there would be any such impairment of confidence, — especially if the reason for the failure to credit the installment share holders is made known, as being because of the claim by the prepaid share holders for preferential payment.
There would seem to be at least very grave doubt that if the association credits dividends unconditionally to the accounts of the share holders, it would have the right subsequently to deduct them.
It is concluded that the restraint pendente lite should be *Page 281 
granted. If it can be shown by defendants that they can credit dividends to the accounts of the installment share holders conditionally, — i.e., subject to deduction if and when complainant be successful on the final determination of the litigation, — the order for pendente lite restraint may be drawn accordingly; or may be subsequently modified.
The bill has been signed and endorsed with the names of two legal firms as solicitors. This of course cannot be done; there can be only one solicitor or firm of solicitors for the complainant. The signature and endorsements have accordingly been altered so as to retain the name of the firm first appearing thereon as the solicitors and the name of the other firm as counsel. *Page 282